# In the United States Court of Federal Claims

No. 19-236C
(Filed: July 25, 2019)

|  |  |
|---|---|
| **JONATHAN R. HIRSCH,**<br>            *Plaintiff*<br><br>**v.**<br><br>**UNITED STATES,**<br><br>            *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

The plaintiff, Jonathan R. Hirsch, has moved to supplement the administrative record (ECF 9) in this case, in which he challenges the Army's calculation of his Mandatory Retirement Data (MRD). For the following reasons, the motion is denied.

The plaintiff filed this action after the Army Board for Correction of Military Records (ABCMR) rejected his petition to change his MRD. The defendant has moved for judgment on the administrative record before the ABCMR (ECF 13) and in the same filing opposed the plaintiff's motion to supplement the record. The plaintiff has not filed a reply brief responding to the defendant's opposition to the motion to supplement the administrative record, and the time to do so has expired. *See* Rule 7.2(a)(2) of the Rules of the Court of Federal Claims.

For the purposes of this pending motion, a full recitation of the facts is not necessary. Briefly stated, according to the Complaint, the plaintiff attended college under a Reserve Officers' Training Corps ("ROTC") scholarship. Upon graduation, he was commissioned in the Army Reserves and subsequently satisfied his ROTC active-duty obligation. The plaintiff's active-duty service ended in September 1992, at which time he enrolled in law school with the intention of serving in the Judge Advocate General's Corps ("JAG") as a reservist upon completing law school. During the plaintiff's legal education he continued in the Army Reserves in order to fulfill the remainder of his ROTC service obligation.

Upon graduation from law school, the plaintiff received orders to attend the Army JAG School and subsequently served as a JAG officer for almost 21 years. The plaintiff's entire military service totaled approximately 28 years when he was forced to retire in 2016. The plaintiff was a Lt. Colonel at the time of his retirement.

The dispute in this case is over whether the plaintiff was appropriately assigned his MRD. Specifically, the plaintiff argues that his time in law school should not be included in

computing his time of service under 10 U.S.C. § 14507(a)[1] by virtue of the effect of 10 U.S.C. § 14706(a)(3).[2]  The plaintiff urges that, as a result of the Army's legal error in not excluding the period of the plaintiff's law school education from its calculation of his length of service, he was discharged three years too early.

While he was still serving in the Army, the plaintiff applied to the ABCMR in 2013 to revise his MRD from June 1, 2016 to June 1, 2019.  That application was denied.  Early in 2016, the plaintiff reapplied to the ABCMR seeking reconsideration of its 2013 decision.  The ABCMR again turned down the plaintiff's request.  The plaintiff subsequently filed this action.

Following the plaintiff's initiation of this case, the defendant filed the administrative record.  The plaintiff then moved to supplement the administrative record.  Specifically, the plaintiff seeks to include in the administrative record eight additional items: a declaration by Gina Rossi; a declaration by Freddie Joe Black; the plaintiff's law school transcript; excerpts from three congressional committee reports; a blank copy of Army Reserve Status and Address Verification Form, DA Form 3725 (July 1984); and a copy of Army regulation 135-133, "Ready Reserve Screening, Qualification Records Systems, and Change of Address Reports" (June 30, 1989).

After the plaintiff filed his motion to supplement the administrative records, the defendant filed a supplement to the administrative record (ECF 12), but the supplement to the administrative record does not contain the plaintiff's proposed materials.

The Federal Circuit has held that "review of a military corrections board is limited to the administrative record." *Walls v. United States*, 582 F. 3d 1358, 1368 (Fed. Cir. 2009).  As the Federal Circuit explained, "it has become well established that judicial review of military corrections boards is conducted under the [Administrative Procedure Act]." *Id.* (footnote omitted).  Further, "review under the APA is generally limited to the administrative record." *Id.*  Quoting the Supreme Court's language from *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985), the Federal Circuit in *Walls* noted "'[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Walls*, 582 F.3d 1367.  The purpose of restricting a court's review to the record before a board for correction of military records is to prevent that review, conducted under the APA's "arbitrary and capricious" standard, from turning "'into effectively de novo

---

[1] 10 U.S.C. § 14507(a) provides: "Lieutenant Colonels and Commanders. Unless continued on the reserve active-status list under section 14701 or 14702 of this title or retained as provided in section 12646 or 12686 of this title, each reserve officer of the Army, Navy, Air Force, or Marine Corps who holds the grade of lieutenant colonel or commander and who is not on a list of officers recommended for promotion to the next higher grade shall (if not earlier removed from the reserve active-status list) be removed from that list under section 14514 of this title on the first day of the month after the month in which the officer completes 28 years of commissioned service."

[2] 10 U.S.C. § 14706(a)(3) provides: "Service after appointment as a commissioned officer of a reserve component while in a program of advanced education to obtain the first professional degree required for appointment, designation, or assignment to a professional specialty, but only if that service occurs before the officer commences initial service on active duty or initial service in the Ready Reserve in the specialty that results from such a degree."

review.'"  *AgustaWestland N. Am. Inc. v. United States*, 880 F. 3d 1326, 1331 (Fed Cir. 2018) (quoting *Axiom Res. Mgmgt., Inc. v. United States* 564 F. 3d 1374, 1380 (Fed. Cir. 2009)); se*e also* 5 U.S.C.§706(2)(a).

Despite this governing standard, the Federal Circuit has noted that in reviewing a decision by a board for correction of military records, this Court may consider "extra-record" evidence in limited circumstances.  *Metz v United States*, 466 F. 3d 991, 998 (Fed. Cir. 2006).  In order to supplement the administrative record, the plaintiff here has the burden of showing that the "additional evidence [is] necessary."  *Axiom*, 564 F. 3d at 1380.  If the administrative record is sufficient to permit meaningful and effective judicial review, supplementation of that record is not appropriate.  "'[S]upplementation of the record should be limited to cases in which the omission of extra-record evidence precludes effective judicial review.'"  *AugustaWestland*, 880 F. 3d at 1331 (quoting *Axiom*, 564 F. 3d at 1381).  "Judicial review is 'effective' if it is consistent with the APA."  *Id.* (citing *Axiom*, 564 F. 3d at 1381).

The plaintiff in this case did not seek to offer the additional material he seeks now to include in the administrative record before the ABCMR.  That failure is highly probative that these items are not "necessary" to his case.[3]

With respect to the specific documents the plaintiff seeks to have added to the administrative record, the plaintiff is unable to make the requisite showing.  The plaintiff's law school transcript is not necessary to permit effective review of his claim; there is no dispute that he was enrolled as a full-time law student.  The excerpts from congressional committee reports, the text of the Army regulation, and an exemplar of Army Form DA3725 can form the basis for legal argumentation, whether or not they are in the administrative record.  None of these documents is therefore needed to conduct effective review of the plaintiff's claim.

The dispute over supplementing the record effectively comes down to the two declarations.  The plaintiff makes no argument of any kind specific to the declarations of Gina Rossi and Freddie Joe Black.  He simply asserts that he seeks to include the additional documents, including the declarations, "for the express purpose of introducing documents that show the Congressional intent for implementing [the relevant] statute, and its clear application to his record of service, as well as documents that amplify his service record."  Plaintiff's Motion to Supplement the Administrative Record and Memorandum in Support (ECF 9) at 4.  Presumably, the declarations are intended to "amplify" the plaintiff's service record, but the plaintiff's briefs are silent as to the declarations' precise purpose or how they would add information necessary to the Court's effective review of the plaintiff's claim to the administrative record.

The plaintiff in no way explains or even attempts to explain the purpose of the two declarations or illuminates why they are necessary for the Court to conduct meaningful and effective review of the ABCMR decision in the plaintiff's case.

---

[3] The Court does not rely on the defendant's argument that the plaintiff "waived" his ability to add these materials. The defendant's cite to *Metz v. United States*, 466 F. 3d 991, 999 (Fed. Cir. 2006) is inapposite given the different set of facts here.

Accordingly, the Court finds that the plaintiff has failed to satisfy the threshold established by the Federal Circuit to justify supplementing the administrative record.  The plaintiff's motion to supplement the administrative record is DENIED.

It is so **ORDERED.**

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**