# In the United States Court of Federal Claims

No. 19-236C
(Filed: September 12, 2019)

|  |  |  |
|---|---|---|
| **JONATHAN R. HIRSCH,** | ) | |
|  | ) | |
|  | ) | |
| *Plaintiff,* | ) | Military Pay; Voluntary Remand, Motion |
|  | ) | to Supplement the Administrative Record, |
| **v.** | ) | Order on Motion to Remand, RCFC 52.2, |
|  | ) | Length of Remand, Unreported Opinion. |
| **UNITED STATES,** | ) | |
|  | ) | |
| *Defendant.* | ) | |
|  | ) | |
|  | ) | |

## ORDER

In response to the plaintiff's motion for judgement on the administrative record and concurrent second motion to supplement the administrative record, the government moved to remand the matter to the Army Board for Correction of Military Records (ABCMR). The plaintiff has opposed the motion to remand.

By virtue of his own two motions to supplement the administrative record, the plaintiff has himself demonstrated that the ABCMR did not have before it all the information it needed to resolve the matter. Accordingly, the motion to remand is **GRANTED**.

## Background

A summary recitation of the facts will suffice for purposes of resolving the motion to remand.[1] The plaintiff received a Reserve Officers Training Corps (ROTC) scholarship to college and fulfilled his active-duty obligation upon graduation. After satisfying that obligation, he attended law school as a full-time student. While attending law school, the plaintiff continued serving in the Army Reserve to fulfill the remainder of his ROTC service obligation. When he graduated from law school, the plaintiff joined the Army Judge Advocate General's Corp, serving until he was forced to retire in 2016.

The dispute in this case focuses on the mandatory retirement date (MRD) the Army assigned to the plaintiff. The plaintiff argues that by virtue of 10 U.S.C. §§ 14706 and 14707(a)

---

[1] The Court makes no finding of facts herein and accepts as true all well-pleaded factual allegations in the Complaint.

the three years he spent in law school should not have been included in calculating his MRD and that, as a result, he was forced to retire three years too early.

While he was still in the Army, the plaintiff applied to the ABCMR in 2013 seeking a change in his MRD from 2016 to 2019.  That application was denied.  Early in 2016, the plaintiff reapplied to the ABCMR seeking reconsideration of its 2013 denial of his original application.  The ABCMR again rejected the plaintiff's request in July 2016, shortly after the plaintiff was forced to retire.

The plaintiff commenced this action on February 12, 2019.  In May, the plaintiff filed his first motion to supplement the administrative record with additional materials (ECF 9). In June, the defendant filed its motion for judgment on the administrative record in which it also opposed the plaintiff's motion to supplement the administrative record (ECF 13).  The plaintiff did not file a reply brief.  In July, the Court denied the plaintiff's motion to supplement the administrative record (ECF 14).  *Hirsch v. United States*, 144 Fed. Cl. 55 (2019).

In August, the plaintiff filed a cross-motion for judgment on the administrative record (ECF 16).  He also filed concurrently a second motion to supplement the administrative record (ECF 15).  The plaintiff's second motion to supplement the administrative record seeks to include within the administrative record before the Court a 2013 document prepared by the Army Reserve Command entitled "MRD Brief" regarding the calculation of MRDs.

Before the defendant's opposition to the plaintiff's cross-motion and motion to supplement was due, the defendant moved to remand the case to the ABCMR (ECF 21). The plaintiff filed his opposition to the motion to remand (ECF 22), and the defendant filed a reply (ECF 23).  That motion is fully briefed.

## **Discussion**

Rule 52.2 of the Rules of the Court of Federal Claims ("RCFC") expressly authorizes the Court to remand a case to an administrative agency.  The decision to remand is committed to the Court's discretion.

This case has already seen two separate applications by the plaintiff to the ABCMR. Despite two separate applications for administrative review, the plaintiff himself has twice requested that the Court supplement the administrative record.  The Court takes these motions to mean that the plaintiff does not believe the record developed before the ABCMR is sufficient to permit effective judicial review.  *See AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018); *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009).

The Court denied the plaintiff's first motion to supplement the administrative record because the plaintiff failed to carry his burden of demonstrating how the additional material would assist the Court in its review.

The plaintiff's second motion to supplement the administrative record presents a different situation.  The plaintiff seeks to add to the administrative record an Army document purporting to reflect the agency's own interpretation of the relevant statutory scheme.

In the Court's judgment, the ABCMR is entitled to review the new document and determine in the first instance its impact on the plaintiff's claim.  *See SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("the agency may request a remand (without confessing error) in order to reconsider its previous position.").  As in this case, an agency might wish "to consider further the governing statute, or the procedures that were followed." *Id.*  An agency's good faith motion to remand to allow the agency itself to review new information and complete the record before the agency is the preferred course.  *Id.*  A remand allows an agency the chance to correct its own errors.  *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993).

Even if the Court were to grant the plaintiff's motion for judgment on the administrative record, a remand to the ABCMR would still be required, as the plaintiff himself acknowledges, to determine the scope of relief to which the plaintiff would be entitled.

The plaintiff argues that a remand is neither appropriate nor necessary because the case turns on a pure legal question of statutory interpretation.  It is the plaintiff himself who has twice now sought to supplement the administrative record.  The second of those motions may well have prompted the government's motion to remand.  The plaintiff may not complain twice about the need to supplement the administrative record and now argue that the case is one of straight-forward statutory interpretation.  If the plaintiff really believed that argument, he would not have seen the need to try twice to add materials to the administrative record.

As an aside, the law of military pay cases is new to this judge.  Most of the military pay cases this judge assumed upon taking the bench, however, are stayed for remand to an administrative agency.  Based on this admittedly limited sample, remand does not appear to be unusual in these cases.

The plaintiff also challenges the six months the government requests for the stay and remand.  While noting the plaintiff took more than two years to file this action after the ABCMR rejected his second application, the Court nevertheless agrees with the plaintiff that six months for remand is excessive.  As noted, the ABCMR has twice reviewed the plaintiff's claims and the key new information is an internal Army document.  Therefore, the Court finds a stay of 120 days is more than sufficient to allow the ABCMR to reconsider the matter.  Remanding for that period may still permit resolution of this action within a year of its initiation.

Accordingly, the defendant's Motion for Voluntary Remand (ECF 21) is **GRANTED**, the matter is **REMANDED** to the ABCMR to reconsider for a period not to exceed 120 days (i.e., January 10, 2020) from the date of this Order, and the case is **STAYED** for the duration of the remand.  *See* RCFC 52.2(a)-(b).  Within 30 days of the ABCMR's filing its final decision with this court, the parties shall file notices pursuant to RCFC 52.2(e)(1) explaining why the

ABCMR's action satisfactorily disposes of this case or why further proceedings are needed and, if they are needed, proposing a schedule for them.

It is so **ORDERED.**

/s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**