# In the United States Court of Federal Claims

No. 19-236C
Filed: June 8, 2021
FOR PUBLICATION

|  |
|---|
| **JONATHAN R. HIRSCH,** *Plaintiff,* v. **UNITED STATES,** *Defendant.* |

*Thomas A. Coulter*, Norton Rose Fulbright US LLP, Washington, D.C., for the plaintiff.

*Richard P. Schroeder*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Major Nicholas D. Morjal*, U.S. Army Legal Services Agency, of counsel, for the defendant.

## MEMORANDUM OPINION AND ORDER

### *HERTLING*, Judge

The plaintiff, Jonathan R. Hirsch, has moved for reconsideration of the Court's judgment in favor of the defendant, the United States. The plaintiff, a former lieutenant colonel in the U.S. Army, had argued that his period of reserve service while he attended law school should have been excluded from his total commissioned service for purposes of calculating his mandatory removal date. The Court, interpreting the applicable statute, found that the Army Board for Correction of Military Records ("ABCMR") did not err when it found that the plaintiff's reserve service during law school was properly included in the calculation.

The plaintiff now argues that the Court's interpretation of the applicable statute conflicts with other statutory and regulatory provisions. Because the Court's interpretation does not cause a conflict or manifest injustice, the plaintiff's motion is denied.

I.  **BACKGROUND**[1]

The plaintiff initiated this suit challenging the ABCMR's decisions that found his reserve service during law school properly included in his total commissioned service for purposes of calculating his mandatory removal date. After the ABCMR denied the plaintiff relief for the fourth time, the parties cross-moved for judgment on the administrative record. (ECF 50 & 57.) On March 31, 2021, the Court granted the defendant's motion for judgment on the administrative record, finding that the ABCMR's latest decision was not arbitrary, capricious, or contrary to law. *Hirsch v. United States*, No. 19-236C, 2021 WL 1205112, at *12 (Fed. Cl. Mar. 31, 2021).

The plaintiff served on active duty and in the Individual Ready Reserve before attending law school. (ECF 1, ¶¶ 21-22.) He served as a reserve officer during law school and served in the Judge Advocate General's Corps ("JAG Corps") until his retirement. (*Id.* ¶¶ 24, 28.) After serving approximately 28 years in the U.S. Army, the plaintiff was involuntarily retired pursuant to 10 U.S.C. § 14507(a), which mandates an officer's removal upon certain conditions, including the officer's completion of 28 years of commissioned service. (*Id.* ¶ 28.)

Section 14706(a) of Title 10 provides exclusions from the computation of commissioned service. Subsection (a)(3) provides an exclusion for service while in a program of advanced education:

> Service after appointment as a commissioned officer of a reserve component while in a program of advanced education to obtain the first professional degree required for appointment, designation, or assignment to a professional specialty, but only if that service occurs before the officer commences initial service on active duty or initial service in the Ready Reserve in the specialty that results from such a degree.

10 U.S.C. § 14706(a)(3). The plaintiff argued that, contrary to the ABCMR's decision, subsection (a)(3) should have led to the exclusion of his reserve service during law school from the calculation of his mandatory removal date. *See Hirsch*, 2021 WL 1205112, at *6.

The ABCMR rejected the plaintiff's interpretation of the statute. The defendant argued that the ABCMR decision was correct. On the defendant's reading, the plaintiff was not eligible for the exclusion because his service in the JAG Corps specialty was not his initial service on active duty and in the Ready Reserve. *Id.* at *5.

---

[1] For a full recitation of the facts and procedural history in this case, see the Court's March 31, 2021 opinion, *Hirsch v. United States*, No. 19-236C, 2021 WL 1205112, at *1-3 (Fed. Cl. Mar. 31, 2021).

Regardless of the parties' disparate interpretations of 10 U.S.C. § 14706(a)(3), the defendant also argued that 10 U.S.C. § 14706(b) rendered subsection (a)(3)'s exclusion inapplicable to the plaintiff. Subsection (b) provides a limitation on subsection (a)(3):

> The exclusion under subsection (a)(3) does not apply to service performed by an officer who previously served on active duty or participated as a member of the Ready Reserve in other than a student status for the period of service preceding the member's service in a student status.

10 U.S.C. § 14706(b). Subsection (b), on the defendant's reading, renders subsection (a)(3) inapplicable to service by an officer who has previously served on active duty or in the Ready Reserve in other than student status before attending a program of advanced education. *Hirsch*, 2021 WL 1205112, at *7. The defendant argued that, even if the plaintiff's interpretation of subsection (a)(3) were correct, it would not matter because subsection (b) rendered subsection (a)(3)'s exclusion inapplicable to the plaintiff's service during law school and required that his service be included in calculating his total commissioned service. *Id.* at *7-8.

In contrast to the defendant's position, both the ABCMR and the plaintiff agreed that subsection (b) rendered subsection (a)(3)'s exclusion inapplicable only to service leading up to an officer's enrollment in a program of advanced education. *Id.* at *6-7.

Although the ABCMR agreed with the plaintiff's interpretation of subsection (b), the Court found the defendant's interpretation of subsection (b) to be the most natural reading of the statute. The Court held that subsection (b) provided the following limitation on subsection (a)(3):

> [I]f an officer previously served on active duty or participated as a member of the Ready Reserve in other than a student status prior to attending a program of advanced education, then that officer cannot exclude his or her service under (a)(3). Subsection (a)(3) does not apply to service performed by such an officer.

*Id.* at *10.

As applied to the plaintiff, subsection (b) rendered subsection (a)(3)'s exclusion inapplicable to his service during law school because he had previously served on active duty and in the Individual Ready Reserve in other than a student status before attending law school. *Id.* at *12.

Because the plaintiff could not exclude his service during law school under subsection (a)(3), the Court concluded that the ABCMR's decision denying the plaintiff relief was not arbitrary, capricious, or contrary to law. *Id.* The Court entered judgment for the defendant.

The plaintiff has moved under Rule 59 of the Rules of the Court of Federal Claims ("RCFC") for reconsideration of the Court's judgment (ECF 76), and, as the Court directed, the

defendant has responded (ECF 78).  The Court determines that oral argument would not assist in the resolution of the motion.

## II.     STANDARD OF REVIEW

RCFC 59 governs motions for reconsideration, which "must be supported 'by a showing of extraordinary circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd,* 250 F.3d 762 (Fed. Cir. 2000) (table)).  "Under Rule 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)).

"Reconsideration of a judgment is not intended to permit a party to [reargue] its case when it previously was afforded a full and fair opportunity to do so." *Peretz v. United States*, 151 Fed. Cl. 465, 468 (2020), *appeal filed*, No. 21-1831 (Fed. Cir.).  Rule 59 does not provide an opportunity to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation and citation omitted); *see also Peretz*, 151 Fed. Cl. at 468; *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002).

When a party seeks reconsideration on the ground of manifest injustice, that party must demonstrate that such injustice is "apparent to the point of being almost indisputable." *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006).

## III.    DISCUSSION

The plaintiff seeks reconsideration of the judgment and a judgment in his favor "to avoid manifest injustice." (ECF 76-1 at 1.)  The plaintiff argues that "this Court has approved of a novel understanding of the words of subsection (b), counter to the understanding that was, indeed, common among both parties prior to this litigation." (*Id.* at 2.)  The plaintiff argues that the Court's reading of 10 U.S.C. § 14706(b) could cause manifest injustice for other Army officers who rely on subsection (a)(3)'s exclusion. (*Id.* at 3.)  Specifically, the plaintiff argues that the Court's interpretation conflicts with another statute and two Army regulations, citing 10 U.S.C. § 710, Army Regulation 165-1 (Army Chaplain Corps Activities), and Army Directive 2014-07 (Army Career Intermission Pilot Program).

The defendant responds that the plaintiff is attempting to reargue the law and is raising new arguments that could have been considered earlier. (ECF 78 at 2.)  The defendant argues that the provisions cited by the plaintiff are nonetheless in harmony with the Court's interpretation of subsection (b). (*Id.* at 2, 10.)

### A.    10 U.S.C. § 710

The Court held that 10 U.S.C. § 14706(b) rendered (a)(3)'s exclusion inapplicable to an officer's service during a program of advanced education, such as law school, if that officer had

previously served on active duty or in the Ready Reserve in other than a student status before the officer's service in student status. The plaintiff argues that the Court's interpretation of 10 U.S.C. § 14706(b) conflicts with 10 U.S.C. § 710.

Section 710 of Title 10 authorizes programs under which service members may be temporarily inactivated from active service:

> Each Secretary of a military department may carry out programs under which members of the regular components and members on Active Guard and Reserve duty of the armed forces under the jurisdiction of such Secretary may be inactivated from active service in order to meet personal or professional needs and returned to active service at the end of such period of inactivation from active service.

10 U.S.C. § 710(a). A reserve officer's service while in one of these programs is excluded from computation of the total years of service: "Any service by a Reserve officer while participating in a program under this section shall be excluded from computation of the total years of service of that officer pursuant to section 14706(a) of [Title 10]." *Id.* § 710(b)(2).

The plaintiff argues that officers who wish to pursue "professional needs" in a program authorized under § 710 are, by virtue of the Court's prior decision, now "told [their] time while inactivated cannot be excluded." (ECF 76-1 at 6-7.) Those officers would have necessarily served in other than a student status before serving in student status. (*Id.* at 6.) The plaintiff concludes that the Court's interpretation of § 14706(b) now makes § 14706(a) inapplicable to those officers. (*Id.* at 7.) Characterizing the situation as a "dilemma" or a "Catch-22" for those officers, the plaintiff argues that those officers would be faced both with § 710, a statute authorizing an exclusion under § 14706(a), and with this Court's interpretation of § 14706(b) prohibiting the exclusion. (*Id.* at 5, 7.)

The Court finds, however, that the two statutory provisions are in harmony. Section 14706(b), by its express terms, limits only § 14706(a)(3). 10 U.S.C. § 14706(b) ("The exclusion under subsection (a)(3) does not apply . . . ."). Officers who wish to exclude service under § 710 are not faced with a dilemma; their service is excluded pursuant to § 710 itself. Section 710 provides an exclusion "pursuant to section 14706(a)" but does not require an officer meet the requirements under § 14706(a)(3). Officers who are inactivated "to meet personal . . . needs" under § 710 certainly would not meet § 14706(a)(3)'s requirement that the service be in a "program of advanced education." *Id.* §§ 710(a), 14706(a)(3). If the other conditions under § 710 were met, those officers would invoke the exclusion under § 710, not § 14706(a)(3). Section 14706(b), therefore, would have no effect on those officers. The Court's interpretation of § 14706(b) does not conflict with § 710.

Congress did not enact § 710 until 2018, after the plaintiff had retired. *See* John S. McCain National Defense Authorization Act for Fiscal Year 2019, Pub. L. No. 115-232, § 551, 132 Stat. 1636, 1765-68 (2018). Indeed, the plaintiff concedes that § 710 does not apply to him. (ECF 76-1 at 6.) The timing also demonstrates that § 710 was not the active-duty analog of the

5

exclusion in § 14706 when Congress enacted § 14706 in 1999, so § 710 is not useful for interpreting § 14706—the provision at issue in this case.

The plaintiff's reliance on 10 U.S.C. § 710 is therefore misplaced, and § 710 does not conflict with the Court's interpretation of § 14706(b). The plaintiff has not shown that the Court's interpretation is clear legal error or would cause manifest injustice.

### B. Army Regulations

The plaintiff also argues that the Court's interpretation of § 14706(b) has a "wide-reaching effect" on "all other officers who seek an educational delay after their initial commission to pursue an advanced degree . . . ." (ECF 76-1 at 8.) Citing the Army regulations for the Army Chaplain Corps and the Army Career Intermission Pilot Program ("CIPP"), the plaintiff argues that the Court's earlier decision risks invalidating other Army regulations. (*Id.* at 8-9.)

First, the plaintiff cites the Army Chaplain Corps Activities regulation. It provides that "[a]ll chaplain candidates are in an educational delay status," and that "[i]n accordance with 10 USC 14706, officers who participate in the Chaplain Candidate Program . . . will have their time of service as a chaplain candidate excluded from their mandatory release date . . . ." Army Reg. 165-1, 7-5(a).

Second, the plaintiff cites the CIPP regulation. The CIPP was established in 2014 to provide "'a one-time temporary transition from active duty in the [Regular Army] or [U.S. Army Reserve Active Guard Reserve] Program to the Individual Ready Reserve to allow Soldiers to pursue personal or professional growth while providing a mechanism for their seamless return to active duty.'" (*Id.* at 9 (quoting Army Dir. 2014-07, ¶ 3) (emphasis omitted) (modifications added).)[2] The Army authorized that this service be excluded from an officer's total years of service: "'The period spent in the CIPP as a Reserve officer will be excluded from computation of the officer's total years of service as defined in Title 10, U.S.C. section 14706(a).'" (*Id.* (quoting Army Dir. 2014-07, ¶ 4(m)) (emphasis omitted).)

Based on these regulations, the plaintiff argues that the Court's ruling would "force the Army to break its express promise" to the officers in these programs because the Court's interpretation of § 14706(b) would render (a)(3)'s exclusion inapplicable to their service, contrary to the Army regulations. (*Id.*) The Court disagrees.

The plaintiff's argument regarding the CIPP fails for the same reasons that his argument fails regarding 10 U.S.C. § 710. In 2021, the Army created the Career Intermission Program ("CIP"), implementing 10 U.S.C. § 710 and rescinding the CIPP. *See* Army Dir. 2021-15 (May 6, 2021). Section 14706(b) limits only § 14706(a)(3), so it has no bearing on the exclusion in the

---

[2] Neither party submitted a copy of the 2014 CIPP Directive or the 2017 revision to it; the Court could locate only the 2021 Directive online. The Court therefore quotes the language of the 2014 Directive as cited in the plaintiff's brief.

current Army regulation, which is based on 10 U.S.C. § 710. Because § 14706(a)(3) does not provide the authority for the current regulatory exclusion, the Court's interpretation of § 14706(b) does not conflict with the CIP.

Although the Court agrees with the defendant that the CIP does not conflict with the Court's interpretation for the same reasons as discussed above regarding § 710, the defendant ducks the plaintiff's argument regarding the Army Chaplain Corps regulation by claiming that he failed "to develop his argument." (*See* ECF 78 at 8.) The plaintiff does, however, adequately lay out and support his argument, which the Court must address even in the absence of a counterargument by the defendant.

The Court understands the plaintiff to be arguing that some chaplain candidates could unjustly be denied the benefit of § 14706(a)(3)'s exclusion based on the Court's interpretation of § 14706(b).

The Court found that § 14706(b), on its most natural reading, renders (a)(3)'s exclusion inapplicable to *this plaintiff's service*. The plaintiff was not training to be a chaplain, and the application of the regulations covering chaplains was not before the Court. As previously noted, the plaintiff was in neither the CIPP nor the CIP and was not in a program authorized by 10 U.S.C. § 710. The Court does not intend to upend any Army programs, and the plaintiff overstates the Court's authority to do so. To the extent that the Court's interpretation conflicts with the Army regulation governing the Chaplain Corps, the Court's interpretation is not binding on other parties.

The Court has noted the closeness of the case. Some other entity or court might read § 14706(b) differently than did this Court, which has again reviewed the language of the statute and is not prepared to deviate from its initial reading of the statute's unambiguous text as applied to the plaintiff. If the statute and Army regulations are in conflict, the Army's regulations must give way. Congress can always cure such conflict and can overturn this Court's reading of § 14706(b) by clarifying the statute. Unless and until Congress does so, the Court adheres to its prior interpretation of § 14706(b).

## IV.     CONCLUSION

The Court does not find grounds to reconsider its judgment. The Court's interpretation of 10 U.S.C. § 14706(b) does not conflict with 10 U.S.C. § 710, and the interpretation does not have the sweeping effect on Army regulations that the plaintiff suggests. The plaintiff has not met his burden of showing an error of law or a manifest injustice.

The plaintiff's motion for reconsideration (ECF 76) is **DENIED**.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**